IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DAVID F. BALLER, R-58683** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 12-cv-1210-GPM |
| ) | |
| **RANDY DAVIS,** ) | |
| **ROLAND BARR, M.D., and** ) | |
| **DENNIS LARSON, M.D.,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**Murphy, District Judge:**

Plaintiff, currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville") has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 for alleged constitutional violations during his medical stay there and at the Southern Illinois Orthopedic Center. Plaintiff claims that his Eighth Amendment rights were violated by Defendant's deliberate indifference to a serious medical need as well as the unsafe conditions present at the prison. Specifically, Plaintiff states that on November 22, 2010, he fractured his left radial bone when climbing down from his top bunk (*see* Doc. 1). Within thirty minutes after suffering this injury, Plaintiff received medical attention at Pinckneyville by Defendant Larson, who was "on call" during that period of time (*see* Doc. 1). Defendant Larson examined Plaintiff and admitted him to the Pinckneyville Health Care Unit overnight where Plaintiff was administered Vicodin (*see* Doc. 1). Sixteen hours later, Plaintiff was transferred to the Southern Illinois Orthopedic Center and underwent X-rays (*see* Doc. 1). He also met with a specialist, Defendant Barr for further treatment (*see* Doc. 1). On November 24, 2010, Defendant Barr performed surgery and installed

a corrective plate (*see* Doc. 1). Plaintiff contends that the surgery resulted in permanent damage to his radial nerve (*see* Doc. 1).

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has failed to state a colorable federal cause of action for Eighth amendment violations.

Generally, an inmate's dissatisfaction with the medical care he receives in prison does not state a constitutional claim for deliberate indifference to medical needs, even if the quality of care was substandard to the point of negligence or malpractice. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Sanville v. McCaughtry,* 266 F.3d 724, 734 (7th Cir. 2001); *Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996). However, in certain instances, a constitutional claim may lie if a prison official's actions amount to a failure to treat a serious medical condition:

> To prevail on an Eighth Amendment claim, a plaintiff must show that the responsible prison officials were deliberately indifferent to his serious medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Dunigan ex rel. Nyman v. Winnebago Cnty.*, 165 F.3d 587, 590 (7th Cir. 1999). Deliberate indifference involves a two-part test. The plaintiff must show that (1) the medical condition was objectively serious, and (2) the state officials acted with deliberate indifference to his medical needs, which is a subjective standard.

*Sherrod v. Lingle*, 223 F.3d 605, 610 (7th Cir. 2000). The Supreme Court stressed that this test is not an insurmountable hurdle for inmates raising Eighth Amendment claims:

> [A]n Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm . . . . Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence . . . and a fact finder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.

*Farmer,* 511 U.S. at 842.

The Seventh Circuit considers the following to be indications of a serious medical need: (1) where failure to treat the condition could "result in further significant injury or the unnecessary and wanton infliction of pain;" (2) "[e]xistence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment;" (3) "presence of a medical condition that significantly affects an individual's daily activities;" or (4) "the existence of chronic and substantial pain." *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997). A condition that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention is also considered a "serious" medical need. *See Id.*

Plaintiff has described a condition that meets several of the criteria described in *Gutierrez*. These allegations suffice to meet the objective showing that Plaintiff had a serious medical condition. The remaining question is whether Plaintiff has sufficiently alleged deliberate indifference on the part of the various Defendants.

To show deliberate indifference, a prison official must "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and must actually "draw the inference." *Farmer,* 511 U.S. at 837. The Seventh Circuit decisions following this standard for deliberate indifference in the denial or delay of medical care require evidence of a defendant's actual knowledge of, or reckless disregard for, a substantial risk of harm. *See Chavez v. Cady*, 207 F.3d 901, 906 (7th Cir. 2000) (officers were on notice of seriousness of condition of prisoner with ruptured appendix because he "did his part to let the officers know he was suffering"). The Seventh Circuit also recognizes that a defendant's negligence or even medical malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation. *See Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008). Nor will an inmate's disagreement with a doctor's course of treatment state a constitutional claim. *Ciarpaglini v.*

*Saini*, 352 F.3d 328, 331 (7th Cir. 2003); *Garvin v. Armstrong*, 236 F.3d 896, 898 (7th Cir. 2001) (courts will not take sides in disagreements with medical personnel's judgments or techniques). However, a plaintiff inmate need not prove that a defendant intended the harm that ultimately transpired or believed the harm would occur. *Walker v. Benjamin*, 293 F.3d 1030, 1037 (7th Cir. 2002) (discussing *Haley v. Gross*, 86 F.3d 630, 641 (7th Cir. 1996)).

A delay in providing medical treatment "may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010) (discussing *Estelle v. Gamble,* 429 U.S. 97, 104-05 (1976); *see Gayton v. McCoy,* 593 F.3d 610, 619 (7th Cir. 2010). The Seventh Circuit has also found that an Eighth Amendment claim may be stated where a prison doctor persists in a course of treatment known to be ineffective, fails to order further testing or refuses to refer the inmate to a specialist. *Greeno v. Daley*, 414 F.3d 645, 655 (7th Cir. 2005) (doctor continued ineffective treatment, and refused to order endoscopy or specialist referral over a two-year period during which plaintiff suffered from ulcer); *Kelley v. McGinnis*, 899 F.2d 612, 616-17 (7th Cir. 1990) (inmate may prevail if he can prove that defendant "deliberately gave him a certain kind of treatment knowing that it was ineffective" (citing *Estelle*, 429 U.S. at 104 n.10).

Plaintiff alleges that Defendant Larson was deliberately indifferent when he gave Plaintiff improper medical treatment and failed to quickly send Plaintiff to an outside emergency room hospital. Here, Plaintiff was taken to the Pinckneyville Health Care Unit and received medical care within thirty minutes after his injury occurred (*see* Doc. 1). Specifically, Defendant Larson administered Vicodin for the pain and admitted him to the health clinic overnight until transportation was arranged to take him to a specialist the following morning (*see* Doc. 1). This

care does not rise to a constitutional violation. Accordingly, Plaintiff's claims for deliberate indifference against Defendant Larson shall be **DISMISSED with prejudice**.

Plaintiff also alleges that Defendant Barr was deliberately indifferent to his serious medical need. Specifically, he asserts that Defendant Barr was negligent by improperly placing a plate into Plaintiff's arm, when he should have treated the injury with a cast (*see* Doc. 1). This medical malpractice claim fails the subjective prong of the deliberate indifference analysis. The Seventh Circuit has frequently noted that "medical malpractice in the form of an incorrect diagnosis or improper treatment does not state an Eighth Amendment claim." *Gutierrez v. Peters*, 111 F.3d 1364, 1374 (7th Cir. 1997); *see also Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996) ("Mere negligence or even gross negligence does not constitute deliberate indifference."). As such, the claim against Defendant Barr shall be **DISMISSED with prejudice**.[1]

Finally, Plaintiff names Defendant Davis, the Warden, as being responsible for the unsafe living conditions at Pinckneyville. Plaintiff does not specify in his complaint what conditions are unsafe or what, if any, personal involvement Defendant Davis had in anything constituting unconstitutional conduct. There is no supervisory liability in a § 1983 action; thus to be held individually liable, a defendant must be "'personally responsible for the deprivation of a constitutional right.'" *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001). As such, the claim against Defendant Davis shall be **DISMISSED with prejudice**.

---

[1] The Court also notes that Defendant Barr appears to be a private orthopedic surgeon working for the Southern Illinois Orthopedic Center. Generally, a plaintiff cannot proceed with a federal claim under § 1983 against a non-state actor. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999). However, if a Plaintiff alleges that a private medical provider has an ongoing or contractual relationship to provide care to prisoners, then that Defendant should not be dismissed on threshold review. *See Rodriquez v. Plymouth Ambulance Serv*., 577 F.3d 816, 822-30 (7th Cir. 2009). Here, Plaintiff implies that there is an ongoing relationship of providing care to prisoners when he notes in his Complaint that Defendant Barr "performs on patients from the public as well as on inmates from the Illinois Department of Corrections" (*see* Doc. 1).

**Pending Motions**

Plaintiff's Motions to appoint counsel (Doc. 3) and for service of process (Doc. 4) are **DENIED as moot**.

**Disposition**

The entire action and all claims against Defendants for Eighth Amendment violations fail to state a claim upon which relief can be granted and will be **DISMISSED with prejudice**.

Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of **28 U.S.C. § 1915(g)**. Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

**THE CLERK SHALL CLOSE THIS CASE.**

**IT IS SO ORDERED.**

DATED: January 24, 2013

s/_____
G. PATRICK MURPHY
United States District Judge